IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Gregory Ketter, | : | |
| Plaintiff | : | Civil Action 2:11-cv-00734 |
| v. | : | Judge Watson |
| City of Newark, Ohio, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on plaintiff Robert Gregory Ketter's September 17, 2013 motion to compel discovery (doc. 41).

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . " Fed. R. Civ. P. 26(b)(1). Relevant information need not be itself admissible, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

<u>Diebold Interrogatory 6 & Newark Interrogatory 18</u>. Interrogatory 6 directed to Diebold states:

> Please identify, per the instructions, all special or outside counsel who were retained (or otherwise obtained) by you or the City of Newark to provide legal service of any kind relating to plaintiff or human resources matters, during the period 2003 through the present, briefly describing the matter for which the individual or law firm was retained, the length of representation and the amount of fees billed and paid during the respective period.

Interrogatory 18 directed to the City of Newark states:

> Please identify, per the instructions, all special or outside counsel who were retained (or otherwise obtained) by or on behalf of the Newark Civil Service Commission to provide legal service of any kind relating the Newark Civil Service Commission or its Commissioners, during the period 2003 through the present, briefly describing the matter for which the individual or law firm was retained, the length of representation and the amount of fees billed and paid during the respective period.

Plaintiff argues that these interrogatories are relevant to determining the City of Newark's standard procedure for retaining outside counsel in human resource matters, and whether the City deviated from that practice in this case. Plaintiff maintains that the City has retained special counsel in approximately six other human resources related cases.

In response, defendants argue that had plaintiff asked Mayor Deibold regarding his statement made to the newspaper, he would have that learned that the comment was based on the Mayor's perception of the relationship between the City Law Director and Ms. Loomis. Defendants further argue that plaintiff's requests are overbroad because it seeks human resources matters dating back to 2003 even though plaintiff was not terminated until 2009. Diebold made the decision to terminate plaintiff, and information concerning the hiring of outside counsel by other decisionmakers is not relevant. Defendants also maintain that the amount of fees and length of representation is also irrelevant because each case differs with respect to witnesses, venue, trial schedule and motion practice.

Plaintiff argues that although defendants argues that Mayor Diebold was the decisionmaker, Diebold testified that the decisionmakers in any significant disciplinary decisions were himself, the relevant director, which in this case was Director Carr, Sears and the Law Director. Diebold testified that any one of these decisionmakers could veto a decision. Sears has been the Human Resources Director or Assistant Director since 1992. Plaintiff seeks discovery related to the decision to seek outside counsel as evidence of deviation from the established procedure. Because Diebold was instructed not to respond to questions regarding who recommended or requested outside counsel at this deposition, it is simply not clear who the decisionmaker was or who recommended that outside counsel be obtained.

Plaintiffs also argue that because so few cases are involved, the request is not burdensome. The length of representation is relevant to determining whether defendants "lawyered up" early in this case. Plaintiffs maintain that the gross fee information is relevant to determine the extent of outside counsel's involvement and not burdensome given that it is easily determined from the requested documents.

The requests may lead to the discovery of admissible evidence. Plaintiff believes that defendants's actions were inconsistent with the typical procedures followed in similar circumstances. Plaintiff is entitled to conduct discovery to test this theory. Defendants are ORDERED to respond to Diebold Interrogatory 6 and Newark Interrogatory 18 within fourteen (14) days of the date of this Order.

<u>Diebold, Carr & Sears Interrogatory 21</u>. Interrogatory 21 directed to Diebold, Carr and Sears states:

> Identify any and all e-mail accounts used by you from 2003 to the present, whether provided by the City of Newark, privately or otherwise.

Defendants argue that there is no evidence to suggest that any personal email accounts were used for any purposed relating to Mr. Ketter's termination. Defendants maintain that their personal email accounts contain confidential and privileged information such as banking and credit card statements. Defendants contend that should not be permitted access to defendants' email accounts to invade their privacy and pilfer through their personal emails. Plaintiff has not requested *access* to these accounts; he has simply asked that all email accounts be *identified*. While it is possible that personal email accounts could contain relevant documents, this request does not seek access to those accounts. Defendants are ORDERED to respond to Interrogatory 21.

<u>City of Newark, Diebold, Carr & Sears Document Request 13</u>. Document request 13 seeks any and all contracts with outside legal counsel identified in responses to earlier interrogatories. Plaintiff maintains that this information is important to determine the timing and manner of retaining outside counsel in Ketter's case as compared to prior cases. Defendants maintain that this information is protected under the attorney-client privilege.

Although contracts for legal services and engagement letters might contain privileged communications, billing records and invoices are generally not protected.

4

"Typically, the attorney-client privilege does not extend to billing records and expense reports." *Evenflo Co., Inc. v. Hantec Agents Ltd.*, No. 3:05-CV-346, 2006 WL 2945440 at *4 (S.D. Ohio Oct. 13, 2006)(quoting *Chaundhry v. Gallerizzo*, 174 F.d3 394, 402 (4th Cir. 1999)). Invoices that "reveal the motive of the client in seeking representation, litigation strategy or the specific nature of the services provided are privileged." *Id.* Defendants are ORDERED to produce the documents sought in Request 13. To the extent that defendants believe documents are protected under the attorney-client privilege, defendants are DIRECTED to provide a privilege log. I note, however, that "a blanket assertion of privilege regarding attorney fee bills is typically not appropriate." *Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-cv-00993, 2012 WL 3583258 at *14 (S.D. Ohio Aug. 20, 2012). Additionally, defendants have the burden of demonstrating that the privilege applies.

City of Newark, Diebold, Carr & Sears Document Request 14. Document request 14 seeks any and all documents consisting of or relating to bills or invoices for legal services submitted by, and payments made to, legal counsel identified in response to Interrogatories 6 and 18. "Defendants are ORDERED to produce documents responsive to request 14, but the City may redact any entry in the bill that would reveal an attorney-client communication.

City of Newark Document Request 17. Document request 17 seeks "[a]ny and all documents, per the instructions, comprising, describing or memorializing any communication identified in response to Interrogatory No. 14." Defendants are

DIRECTED to produce documents responsive to request 17. To the extent defendants believe documents are privileged, defendants are DIRECTED to file a privilege log.

Deposition of Deibold. Diebold is ORDERED to respond to depositions questions about his reasons for and involvement in discharging Sassen and hiring outside counsel. He is not required to testify as to his communications with his attorney that were privileged.

Conclusion. Plaintiff Robert Gregory Ketter's September 17, 2013 motion to compel discovery (doc. 41) is GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge