IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Gregory Ketter, | : | |
| Plaintiff | : | Civil Action 2:11-cv-00734 |
| v. | : | Judge Watson |
| City of Newark, Ohio, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on defendants City of Newark, Ohio, Bob Diebold, Judith Carr, Donna Sears, the Newark Civil Service Commission, Richard Hughes, and Herbert Koehler's June 17, 2013 motion to stay enforcement of my June 4, 2013 Order (doc. 66).

In my June 24, 2013 Order, defendants were ordered to identify all outside counsel retained by defendants to provide legal services in human resource matters since 2003, including a description of the services provided, the length of representation, and the amount of fees billed. Defendants were also ordered to produce the fee agreements and billing invoices of outside counsel. Defendants were ordered to comply with the Order within fourteen days.

Defendants argue that the June 24, 2013 Order granting plaintiff's motion to compel should be stayed until the Court decides their motion for reconsideration.

1

Defendants argue that the Order requires the production of privileged documents and compliance with the Order would cause a substantial burden on defendants. Defendants also argue that forcing them to produce the documents within fourteen days undermines their right to file a motion for reconsideration. Defendants maintain that the Order was based on plaintiff's unsubstantiated argument that there are only six applicable human resource cases.

Defendants contend that the documents responsive to plaintiff's request are contained with approximately 75 bankers boxes in an off-site storage facility. The City's checks, invoices, and billing records are not separated by legal and non-legal materials, and the City will be required to manually sort through all 75 boxes to locate the bills and invoices requested by plaintiff. Once the City locates the legal invoices, they would need to separate the human resource related invoices from non-human resource related matters. Then, each invoice would need to be reviewed line-by-line to redact privileged communications. The City argues that it may not have the requested legal invoices in its possession given its retention policy of maintaining the current year and the three prior years. As a result, any documents prior to 2009 may be incomplete or destroyed.

Defendants argue that the task of searching for the records will be difficult and at the expense of taxpayers. The records are maintained by the City Auditor's office, which has suffered a severe downsizing. Complying with the discovery request would take a considerable amount of time, and the City Auditor's office only has five

2

employees who are in the midst of several year-end projects in addition to a four year software transition.

Defendants further argue that the Order should be stayed because it would require the production of privileged information.

Defendant's motion for a stay demonstrates that prior to my Order, defendants took no steps to look for the disputed documents and determine what would need to be done to locate, review and produce them. In response to plaintiff's motion to compel, defendants only reference to the burden of production read: "Plaintiff's interrogatories are improper because discovery requests for information that pre-dates the alleged violation is not relevant and **is unduly burdensome**." Doc. 53, p. 3, PageID 1049 (Emphasis added. Citations omitted). All evidence and arguments supporting a party's position must be submitted with that party's principal brief. S.D. Ohio Civ. Rule 7.2(d). Failure to do so is not fair to the party opponent and is wasteful of judicial resources. Had defendants been diligent in responding to plaintiff's initial discovery request, the difficulties in producing this discovery would have been known prior to a ruling on plaintiff's motion to compel.

Despite defendants' apparent lack of diligence, however, the motion to stay enforcement of my June 4, 2013 Order (doc. 66) is GRANTED because should the motion to reconsider be granted defendants would have unnecessarily expended time and money producing the documents. Defendants are ORDERED to produce the documents in accordance with my June 4, 2013 Order within fourteen (14) days of any order denying their motion for reconsideration.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>
United States Magistrate Judge